# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STANLEY PACE, an individual, | Case No. 2:18-cv-1172 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | **JURY DEMAND** |
| AMBI SERVICOS DE INTERNET LTDA., a Brazil corporation | |
| Defendant. | |

COMPLAINT - 1
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Plaintiff Stanley Pace ("Pace" or "Plaintiff") alleges for his Complaint against Defendant Ambi Servicos de Internet Ltda., a Brazil limited liability company ("Servicos" or "Defendant"), on personal knowledge as to his own activities and on information and belief as to the activities of others as follows:

### Nature of the Controversy

1. This is an action for Declaratory Judgment under 28 U.S.C. § 2201 that Plaintiff's registration and use of the internet domain name SUAMUSICA.COM (the "Domain Name") does not violate Defendant's rights under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

2. The Domain Name has been suspended by the registrar, EPIK.com, and is at immediate risk of being transferred away from Plaintiff by, and as a result of, the actions of Defendant, which claims trademark rights and certain other rights with respect to the term and the domain name SUAMUSICA.COM. The Plaintiff seeks a determination by this court that the Plaintiff's registration and/or use of SUAMUSICA.COM is not, and has not been in violation of ACPA, and that Plaintiff's use of SUAMUSICA.COM constitutes neither an infringement, a threat of dilution of Defendant's trademark nor a violation of the ACPA.

### Parties

3. Plaintiff Stanley Pace, is an individual residing in Flower Mound, Texas.

4. On information and belief, Defendant Ambi Servicos de Internet Ltda. is a Brazil limited liability company with its principal place of business at Av. Presidente Vargas n. 962/204, Rio de Janeiro, RJ, 20071-002, Brazil.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law. Plaintiff seeks a declaration, under 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201, that his registration and use of the Domain Name does not violate Defendant's claimed trademark rights.

COMPLAINT - 2
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

6. This Court has personal jurisdiction over Defendant as it has consented to jurisdiction by this court in Paragraph IX of their complaint with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

7. Venue in this Court exists as the Registrar of the Domain Name, EPIK, INC. has its primary office in Bellevue, Washington, and, under 28 U.S.C. § 1391(b)(1) and (c), as Defendant is deemed a resident of this District for venue purposes, as well as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## Factual Background

8. This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges that it is the owner of a trademark, and asserts spurious claims of trademark infringement and trademark dilution against the owner of a domain name which is similar or identical to the registered trademark. Defendant is attempting to wrest control of Plaintiff's Domain Name by asserting baseless allegations of trademark infringement, trademark dilution and cybersquatting.

9. Plaintiff is in the business of acquiring and using for business purpose generic Spanish and Portuguese domain names as and when they become available, for leasing, sale or email services.

10. The disputed domain name SUAMUSICA.COM was originally purchased by the Plaintiff for a cost of $15.00. Pursuant to his business plan, Plaintiff purchased and registered the Domain Name on or about February 19, 2011, in good faith at which time (and at all times subsequent thereto) he believed and has had reasonable grounds to believe that his use of the Domain Name was a fair use or otherwise lawful, and has "parked" it with a reputable monetizer, SEDO.COM, for many years.

11. Plaintiff is in the business of registering domain names of Spanish words and phrases and/or Portuguese words and phrases, and has accumulated over 10,000 Spanish

COMPLAINT - 3
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  and Portuguese words and phrases that are used in this manner. In addition, Plaintiff, who
2  is fluent in Spanish and English, and conversant/literate in Portuguese, has over 10,000
3  Spanish and Portuguese generic domain names. Plaintiff rarely sells these domain names
4  and primarily offers them for lease and also offers email services for these domain names.

5  12.  Plaintiff's domain name is "SUAMUSICA.COM" which is Portuguese for
6  "Your Music", a generic phrase. While Plaintiff acquired SUAMUSICA.COM on
7  February 19, 2011, at a GoDaddy.com auction, Defendant did not acquire a registered
8  stylized wordmark for the words "sua musica" until January 21, 2014, in Brazil, more
9  than 3 years later. Additionally, the application for a U.S. word mark was not filed with
10 the U.S.P.T.O until April 26, 2017.

11  13.  Plaintiff "parks" the domain name SUAMUSICA.COM with a reputable
12 international Monetizing company SEDO.COM.A review of the Plaintiff's parked web
13 site at SUAMUSICA.COM shows that there is no reference to Defendants, their
14 trademark or their product.

15  14.  On April 27, 2018, Defendant filed a Complaint thereby initiating an
16 arbitration proceeding against Plaintiff with WIPO in accordance with the Uniform
17 Domain Name Dispute Resolution Policy ("UDRP") adopted by the Internet
18 Corporation for Assigned Names and Numbers ("ICANN") against the Plaintiff for the
19 domain name SUAMUSICA.COM, alleging that it was infringing on their trademark for
20 "sua musica". On June 11, 2018, WIPO accepted the Complaint as well as an Amended
21 Complaint that was not timely filed, and the registrar of the Domain Name, Epik.com
22 disabled, suspended and "locked" the Domain Name, thereby prohibiting Plaintiff from
23 utilizing the Domain Name in accordance with the uses typically enjoyed by a registrant
24 of a domain name. The action to disable, suspend, and "lock" the Domain Name was in
25 accordance with the UDRP and associated procedures.

26  15.  On July 18, 2018, the WIPO panelist assigned to the case rendered a decision
27 requiring the transfer of the domain name to Defendant. (WIPO case No. D2018-1026).
28 As of the date of the filing of this complaint, the Domain Name continues to be disabled,

COMPLAINT - 4
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

suspended and "locked" pending the transfer of the registration to the Defendant on August 10, 2018, pursuant to the UDRP decision.

16. The reasons stated in the ruling of the arbitrator represent a significant departure from the written standards contained in the UDRP in that Defendant did not prove that; (1) Plaintiff did not have bona fide rights in the Domain Name or in terms included in the Domain Name (for purposes of the federal trademark laws that are applicable to the proceeding), (2) Plaintiff had no legitimate interest in the domain, or (3) that Plaintiff had registered and/or used the Domain Name in bad faith.

17. Plaintiff's use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Defendant as it relates to the products or services that Defendant offers, nor is there any possibility of confusion between Plaintiff's web site and the products offered by Defendant to the general public.

18. Plaintiff's use of SUAMUSICA.COM as his chosen domain name is a fair or otherwise lawful use of the term pursuant to his business plan to "park" it, along with numerous other Spanish and Portuguese generic words and phrases, with the legitimate monetizer, SEDO.COM.

19. At no time did Plaintiff trade upon or use Defendant's trademarks for his business of monetizing domain names.

20. At no time did the Plaintiff register or use the domain name SUAMUSICA.COM in "bad faith" as defined by 15 U.S.C. §1125.

21. Because of the actions of Defendant, and its claims of trademark infringement, dilution and violation of the UDRP, Plaintiff faces losing valuable rights in his Internet domain name.

22. Due to the impending transfer of the Domain Name to the Defendant pursuant to the Decision by the WIPO Panel, Plaintiff is now forced to bring this action to protect his rights in his intellectual property. Plaintiff has had to retain counsel and to incur substantial fees and costs to bring this suit.

23. Because WIPO has directed that the SUAMUSICA.COM domain name be

COMPLAINT - 5
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

transferred to Defendant, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Plaintiff's registration and use of SUAMUSICA.COM is unlawful under the ACPA and the Lanham Act.

24. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's use of the term SUAMUSICA.COM as his domain name infringes Defendant's trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

25. Plaintiff has never sold, transferred, or trafficked in the Domain Name. Nor has Plaintiff at any time specifically offered to sell the Domain Name to Defendant, though the Domain Name, along with thousands of other domain names registered by Plaintiff is available for sale.

26. At all times, Plaintiff utilized the Domain Name in a bona fide manner for bona fide purposes, as it has consistently been "parked" at SEDO.COM, a recognized monetizer of domain names, wherein links to various other web sites not owned by Plaintiff, can be obtained by the user who lands on SUAMUSICA.COM. None of these 3rd party web sites refer to or use in any manner, defendant's trademark.

27. Plaintiff has never had any intent to divert consumers from Defendant's online location to a site accessible under the Domain Name that could harm the goodwill represented by the mark, nor did he do so, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

28. Plaintiff's use of the Domain Name has been lawful, and has not infringed upon the mark of the Defendant. Plaintiff did not provide material and misleading false contact information when applying for the registration of the Domain Name. Plaintiff did not fail to maintain accurate contact information with respect to the Domain Name or with respect to any other domain name.

29. Plaintiff's use of SUAMUSICA.COM as his chosen domain name is a fair or

COMPLAINT - 6
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  otherwise lawful use of the term. Under the ACPA, the trademark owner has the burden
2  of proof that the domain-name registrant used, registered, or trafficked in the domain
3  name with the bad-faith intent to profit from the trademark. 15 U.S.C. §1125(d)(1)(A). As
4  none of the links on the SUAMUSICA.COM parked page targeted the Defendant's
5  trademark, the use of the Domain Name was lawful.

6  30. Because of the actions of Defendant, and its claims of trademark infringement
7  and dilution, Plaintiff faces losing valuable rights in his Internet domain name.

**First Cause of Action**
**Declaratory Relief – 28 U.S.C. § 2201**
**No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

11  31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as
12  though fully set forth herein.

13  32. An actual controversy exists about whether Plaintiff should be entitled to the
14  domain name SUAMUSICA.COM under the Anticybersquatting Consumer Protection
15  Act, 15 U.S.C. § 1125(d).

16  33. The Anticybersquatting Consumer Protection Act provides a cause of action
17  for a registrant whose domain name has been suspended, disabled, or transferred under
18  which the registrant may sue for a declaration that the registrant is not in violation of the
19  ACPA and for injunctive relief, including the reactivation of the domain name.

20  34. Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss
21  of his domain name under the UDRP with a cause of action to seek an injunction
22  returning the domain name if the registrant can show that the registrant is in compliance
23  with the ACPA.

24  35. Defendant does not have any exclusive use of the mark nor did it have such a
25  right at the time Plaintiff registered the Domain Name.

26  36. Plaintiff did not register the Domain Name with the bad-faith intent to profit
27  from the goodwill of Defendant's trademark, as "bad faith" is defined in the ACPA. At
28  the time that Plaintiff bought and registered the Domain Name, Defendant had no

COMPLAINT - 7
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

registered trademark for "sua musica" either in Brazil or the United States. Thus, Plaintiff could not have registered the Domain Name in "bad faith" as defined by the statute.

37. Plaintiff is entitled to have the unencumbered use of his domain name SUAMUSICA.COM, to have the Domain Name reactivated, and to have all suspensions or transfers of the Domain Name terminated and prohibited.

38. Plaintiff's good-faith purchase and use of the Domain Name was or should have been known to the Defendant, yet Defendant did not take any action to acquire the Domain Name until seven years after Plaintiff acquired it.

39. Defendant fraudulently claimed to the UDRP Panel that the disputed Domain Name was used intentionally to attract, for commercial gain, Internet users to the Plaintiff's website or other on-line location, creating the possibility of confusion with the mark of the Defendant as to the source or commercial origin of those products, though knowing that there were no products of Defendant or Defendant's competitors being promoted by Plaintiff.

40. As a direct and proximate result of Defendant's allegations to WIPO, Plaintiff has been and will continue to be damaged through his inability to use the Domain Name.

41. Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to maintain registration of his domain name SUAMUSICA.COM, the transfer of the Domain Name to Defendant will damage Plaintiff irreparably. Plaintiff has no adequate remedy at law.

42. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Plaintiff is thus entitled to an award of attorney's fees and costs.

COMPLAINT - 8
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**Second Cause of Action**
**Declaratory Relief – 28 U.S.C. § 2201**
**No Violation of Lanham Act, 15 U.S.C. § 1114(a)**

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. An actual controversy exists about whether Plaintiff should be entitled to the domain name SUAMUSICA.COM under the Lanham Act.

45. Plaintiff's and Defendant's legal interests are adverse and create a present threat of litigation.

46. Defendant should be barred from enforcing any rights in its alleged mark under equitable principles because Defendant's unreasonable delay in enforcing its alleged rights prejudices Plaintiff.

47. Plaintiff's use of the Domain Name is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Defendant.

48. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Plaintiff is thus entitled to an award of attorney's fees and costs.

**Request for Relief**

Plaintiff Stanley Pace respectfully requests the following relief:

1. An order directing the Registrar, Epik.com, to take all action necessary to enable the domain name SUAMUSICA.COM; to reactivate the Domain Name; to discontinue any suspension of the Domain Name; and to refrain from transferring the Domain Name from Plaintiff to Defendant;

2. A judgment declaring that Plaintiff's registration, use, and possession of the domain name SUAMUSICA.COM neither infringes Defendant's trademarks, nor dilutes the trademarks in any manner, nor constitutes a violation of any Federal or State law;

3. A judgment declaring that Plaintiff may continue to use and enjoy the domain name SUAMUSICA.COM without interference of any type by the Defendant;

COMPLAINT - 9
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

4. A judgment, order, or injunction enjoining Defendant from interfering with or challenging Plaintiff's registration, possession, or use of the domain name SUAMUSICA.COM;

5. A judicial declaration that this is an exceptional case under the Lanham Act because Defendant initiated the UDRP with the bad-faith intent to use the legal system to steal the Domain Name from Plaintiff;

6. An award of Plaintiff's reasonable attorney's fees and costs incurred in bringing this action; and

7. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

Dated: August 9, 2018

Respectfully Submitted,

**NEWMAN DU WORS LLP**

s/ Derek A. Newman
s/ Derek Linke
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA  98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

**LAW OFFICE OF HOWARD NEU, P.A.**

s/ Howard Neu
Howard Neu, Esq. (*pro hac vice* pending)
*howard@neulaw.com*
4839 S.W. Volunteer Road
Suite 512
Southwest Ranches, FL  33330
Telephone: (954) 662-1816
Facsimile: (954) 337-2324

Attorneys for Plaintiff
Stanley Pace

COMPLAINT - 10
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Stanley Pace respectfully requests a trial by jury of all issues so triable.

Dated:   August 9, 2018        Respectfully Submitted,

**NEWMAN DU WORS LLP**

s/ Derek A. Newman
s/ Derek Linke
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA  98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

**LAW OFFICE OF HOWARD NEU, P.A.**

s/ Howard Neu
Howard Neu, Esq. (*pro hac vice* pending)
*howard@neulaw.com*
4839 S.W. Volunteer Road
Suite 512
Southwest Ranches, FL  33330
Telephone: (954) 662-1816
Facsimile: (954) 337-2324

Attorneys for Plaintiff
Stanley Pace

COMPLAINT - 11
[Case No.: 2:18-cv-1172]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800